J-S54043-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
            v.                       :
                                   :
                                   :
JOHN CHARLES BENNINGHOFF     :
                                   :
           Appellant         :     No. 570 WDA 2017

Appeal from the Order Entered March 2, 2017
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): 175 CR 1998

BEFORE:    OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          FILED OCTOBER 17, 2017

Appellant, John Charles Benninghoff, appeals pro se from the order entered in the Mercer County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims that his petition was timely filed in light of the Pennsylvania Supreme Court's decision in Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016). We affirm.

For purposes of the instant appeal, the underlying facts and procedural history of this case need not be reiterated in detail. It is sufficient to note that in April 1998, Appellant pled guilty to one count of involuntary deviate sexual intercourse and one count of aggravated indecent assault. On July 9,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

1998, the trial court sentenced Appellant to an aggregate sentence of ten and a half to thirty years' imprisonment. Appellant was sentenced above the mandatory minimum sentence applicable at the time. Appellant did not file a direct appeal.

Pro se Appellant filed the instant PCRA petition, his second, on March 2, 2017. The petition was couched as a motion to correct illegal sentence wherein Appellant claimed his sentence was unlawful under Alleyne v. United States, 133 S.Ct. 2151 (2013). The PCRA court denied the petition without a hearing, and the instant appeal followed. Appellant and the PCRA court both complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Did the [c]ourt err in denying Appellant's PCRA Motion to Correct Illegal Sentence, pursuant to the holding in Commonwealth v. Washington, 142 A.3d 810 (PA. 2016)[?]
>
> II. Whether [j]udgement of [s]entence should be vacated and remanded to [t]rial [c]ourt for resentencing[?]

Appellant's Brief at 2.

As a prefatory matter, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. Appellant argues the court had jurisdiction to entertain his PCRA petition pursuant to the Pennsylvania Supreme Court's decision in Wolfe, which he contends renders

- 2 -

his sentencing claim free of "ordinary waiver principals [sic]."[2]  Appellant's

Reply Brief at 1.  No relief is due.

On appellate review of a PCRA ruling, "we determine whether the

PCRA court's ruling is supported by the record and free of legal error."

Commonwealth v. Marshall, 947 A.2d 714, 719 (Pa. 2008).

> We . . . turn to the time limits imposed by the PCRA, as
> they implicate our jurisdiction to address any and all of
> [a]ppellant's claims.  To be timely, a PCRA petition must
> be filed within one year of the date that the petitioner's
> judgment of sentence became final, unless the petition
> alleges and the petitioner proves one or more of the
> following statutory exceptions:
>
> (i) the failure to raise the claim previously was the
> result of interference by government officials with
> the presentation of the claim in violation of the
> Constitution or laws of this Commonwealth or the
> Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been
> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that
> was recognized by the Supreme Court of the United
> States or the Supreme Court of Pennsylvania after
> the time period provided in this section and has
> been held by that court to apply retroactively.

_____

[2] In Wolfe, the "[a]ppeal was allowed to assess the validity of the Superior Court's sua sponte determination that a sentencing statute is facially unconstitutional under Alleyne v. United States, [ ] 133 S.Ct. 2151, [ ] (2013)."  Wolfe, 140 A.3d at 653.  This Court held that the ten year mandatory minimum sentence for IDSI was facially unconstitutional.  Id. at 655.  The Pennsylvania Supreme Court affirmed the order of the Superior Court.  Id. at 663.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

Id. at 719-20 (some citations omitted and emphasis added).

> Our Supreme Court
>
> > has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

"This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). In Commonwealth v. Washington, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court addressed the issue of "whether the Supreme Court of the United States' decision in Alleyne . . . applies retroactively to attacks upon mandatory minimum

sentences advanced on collateral review." Id. at 811. The Washington Court held that "Alleyne does not apply retroactively to cases pending on collateral review, and that [the a]ppellant's judgment of sentence, therefore, is not illegal on account of Alleyne." Id. at 820.

In this case, Appellant was sentenced on July 9, 1998. He then had thirty days to file a notice of appeal. See Pa.R.A.P. 903(a). He did not take an appeal, and thus his judgment of sentence became final in August of 1998. Appellant then generally had one year to file a PCRA petition. See 42 Pa.C.S. § 9545(b)(1). The instant petition was filed more than eighteen years later in March of 2017. Therefore, Appellant's petition is untimely on its face, and he must plead and prove the applicability of one of the above-stated timeliness exceptions to establish the jurisdiction necessary for a review of his claim.

Appellant fails to meet this burden. He seemingly attempts to argue that our Supreme Court's decision in Wolfe requires both his sentence to be vacated and exempts his PCRA petition from the PCRA's time restriction. However, as discussed above, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that Alleyne is to be applied retroactively to cases pending on collateral review when Alleyne was decided. See Washington, 142 A.3d at 820. Appellant's citation to Wolfe does not establish a timeliness exception; therefore, the PCRA court lacked jurisdiction. See Robinson, 837 A.2d at 1161. We find the PCRA court's

order dismissing Appellant's petition is supported by the record and free of legal error. See Marshall, 947 A.2d at 719. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017